JOSEPH CHOQUETTE, PLAINTIFF-APPELLANT, v. BAR-
BARA P. KING, DEFENDANT-RESPONDENT.

Argued October 2, 1945—Decided November 13, 1945.

Before Justices CASE and PERSKIE.

For the plaintiff-appellnat, *Wallace P. Berkowitz* and *Abraham Sepenuk.*

For the defendant-respondent, *Meehan Brothers (Thomas F. Meehan).*

The opinion of the court was delivered by

CASE, J.   Plaintiff as owner sued to recover the sum of $110 claimed to be due for rent for the month of December, 1943.   The case was tried without a jury.   Judgment went for the defendant.

Appellant's brief states:

"The only question presented in this case is whether a month to month tenant who remains in possession of the premises eight days in a new month is liable for the entire month's rent."

The parties were unable to agree upon a state of case for appeal.   The District Court judge, on request from the parties, settled the facts as follows:

"From the evidence, it appears that the plaintiff purchased the above mentioned premises, a one family frame dwelling house, in or about the month of August, 1943, at which time, the defendant was a tenant in said premises at a monthly

rental of One Hundred and ten ($110) Dollars. It further appears that the plaintiff purchased the said premises with the idea of occupying same himself and that he notified the defendant of his intentions and requested her to vacate. It seems that the defendant was willing to vacate but was not in a position to do so until December 8th, 1943, at which time she moved from the premises and delivered the key thereto to the plaintiff and mailed him a check for Twenty-five Dollars and sixty-seven cents ($25.67) (covering the period from the 1st to the 8th of December, 1943), which he received the following day, upon which check were written the words, 'final payment in full for rent.' Said check was never cashed and was introduced in evidence and marked *Exhibit P-1*. The testimony further showed that immediately thereafter the plaintiff went into possession of the leased premises, purchased his winter supply of coal which was delivered to same, and proceeded to repair and paint the interior of the premises."

Counsel in their briefs state their respective versions of the facts. However, we are governed by the settled state of case, and we find nothing therein to justify a reversal.

The character of tenancy does not appear. The tenant paid a monthly rental of $110; but that does not disclose the term of the tenancy. More important, it does not appear how the monthly rental periods ran, whether by the calendar month or from a day in the month to the same day in the next month; or when or for what effective date, if any, the notice and request to vacate were given, or what the language and terms of the notice were. This much is clear, that the tenant was either notified or requested to vacate and did vacate; that she forwarded a check in payment of the rent calculated upon the precise period of occupancy endorsed as being payment in full; that the owner retained and still retains that check and retains it, so far as we know, as so much cash in hand; that the owner, having notified the tenant that he desired the property for his own occupancy, accepted the key, forthwith went into possession and used that possession for his own purposes. It may be said that the sending of a check

for $25.67 in coverage of the period from the 1st to the 8th of December permits the inference that the first of the month marked the recurring monthly rental period; but the finding of facts, including the drawing of inferences, lay with the trial judge, and he certified to no such inference. If we were to regard the inference as established, the elements essential to a reversal would still be lacking. It is consistent with the record that there was a giving up of possession by the tenant and an acceptance by the landlord under such circumstances as to constitute a surrender by operation of law. *Sypherd* v. *Myers,* 80 *N. J. L.* 321; *Clark* v. *Byrne,* 117 *Id.* 301. We assume that the judgment below was upon that theory.

Finally, we note, without resting our action thereon, that there is no allegation in the state of demand which sets up a sum owing to the plaintiff from the defendant. The pleading alleges that the plaintiff is the owner of the property and that in December, 1943, he "demanded from the appellee [*sic*] the sum of $110.00 for rent for the month of December, 1943, for the aforementioned premises. Payment of same was refused." Ownership of property and demand upon someone to pay rent does not raise a duty. No tenancy or use was alleged.

The judgment below will be affirmed, with costs.